IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LISA F. STEPNEY,** *Plaintiff* | § § § | Civil Action No.: 4:23-cv-03618 |
| **v.** | § § | |
| **ARCOLA POLICE DEPARTMENT, CITY OF ARCOLA, and ARCOLA MAYOR FRED A. BURTON** *Defendants* | § § § § | |

**FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LISA F. STEPNEY (herein "Stepney"), Plaintiff, by and through her attorney of record, who files this Original Complaint against Arcola Police Department, City of Arcola, and Mayor Fred A. Burton, and for causes of action would show unto this Honorable Court as follows:

### I. PARTIES

1. Plaintiff, LISA F. STEPNEY, is an individual whose address is 7906 Sharondale Lane, Houston, TX 77033.

2. Defendant, the Arcola Police Department, is a law enforcement agency, located in Fort Bend County, Texas. The Arcola Police Department can be served with process by service the City Secretary, at 13222 Hwy 6 Arcola, TX 77583-2016.

3. Defendant, the City of Arcola, is a municipal entity, located in Fort Bend County, Texas and operates the Arcola Police Department. The City of Arcola can be served with process by serving the City Secretary, at 13222 Hwy 6 Arcola, TX 77583-2016.

4. Defendant, the Arcola Mayor, Fred A. Burton, serves as a city official in Fort Bend County, Texas. The Arcola Mayor can be served with process by serving the City Secretary, at 13222 Hwy 6 Arcola, TX 77583-2016.

## II.   JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 42 USCS § 2000€, et seq., a federal statue, pursuant to 28 U.S.C. 1337 because this action is based on a federal statue regulating commerce, and pursuant to 28 U.S.C. 1343 because the action is based on deprivation of the Plaintiff's right under color of state law as against a federal law providing for equal rights. .

6. Defendant is an "employer", and that term is defined by 42 USCS § 2000e-2 (a)(1).

7. At all times relevant to this action, Stepney was and "employee" as the term defined by 42 U.S.C. § 2000 e(b).

8. Venue is proper in the Houston Division of the Southern District of Texas as the events giving rise to the cause of action in the lawsuit occurred withing the Southern District of Texas and within the parameters of the Houston Division. Therefore, venue is appropriate in the judicial district under 28 U.S.C. § 1391(b) , 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1983.

9. Venue is proper for the individual Defendants pursuant to 28 U.S.C. § 1391 because individual Defendants committed violations under the color of law, acts or omissions in the district of the United States District Court.

10. This action is brough pursuant to 42 U.S.C. § 1983 and various other state law and common law.

### III.    INTRODUCTION

11. Stepney was widely known within the Police Department and the City of Arcola and was often labeled by Mayor Burton as the number one (#1) police officer within the department and considered a great asset to the agency. Stepney began her employment with the Arcola Police Department as a Police Officer in March 2019 under reserve Police Chief Raymond Stewart ("Chief Stewart"). Stepney valued her job and took great pride in it. However, eventually, Chief Stewart created a hostile environment for Stepney on the basis of sex, and she resigned in August 2020. She was reinstated later that year by Mayor Fred A. Burton ("Mayor Burton") due to her exceptional work performance and the relationships she had built with residents of the City of Arcola. Chief Stewart was terminated after an investigation and replaced with Chief David Rouguea.  Ater a series of unlawful events, Stepney later reported the discrimination and retaliation she was experiencing from Chief Rougeau to Mayor Burton, and the Arcola City Council on July 31, 2022. Stepney was terminated on August 1, 2022 in retaliation for a report she made to the Arcola City Council against Chief Rougeau for hostile work environment and retaliation. Several allegations were made against Stepney, leaving her with a dishonorable discharge. On August 5, 2022, the Department filed an F-5 Report of Separation of License with TCOLE, providing Stepney with a dishonorable discharge. Stepney filed a petition with TCOLE that requested the F-5 Report be changed to reflect an honorable discharge. On or about July 7, 2023, an administrative hearing took place and concluded that no evidence was offered to show any misconduct. The Department did not meet its burden of proof which resulted in the Judge ordering Stepney's F-5 Report to accurately reflect that Stepney received an honorable discharge related to Stepney's separation of employment with Arcola Police Department.

### III.     FACTUAL ALLEGATIONS

12.     On or about February 8, 2022, Police Chief David Rougeau ("Chief Rougeau"), after Stepney's reinstatement, was made aware of Stepney's excellent work ethic and began praising her every day in front of other Officers.

13.     Beginning in March 2022, Chief Rougeau, who was also a preacher at a local church, would call and check on Stepney every Sunday morning before service, because she was the only officer on duty on Sundays' during the twelve (12) hour shift.

14.     In late March of 2022 or beginning of April 2022, Sergeant Marcus Wilson ("Sgt. Wilson") was hired and became Stepney's direct supervisor.

15.     In late April 2022, Stepney walked into the Police Station and overheard Chief Rougeau and a fellow officer, Bernard Womack ("Officer Womack"), talking to each other about her. Later that day, Officer Womack told Stepney that Chief Rougeau had asked Officer Womack if he and Stepney were together. Officer Womack responded, "nah," Chief Rougeau stated, "I figured, she seems like she goes the other way." Stepney never confronted Chief Rougeau about this incident because prior to this, he always seemed kind to Stepney.

*Arcola Officer Responsibilities*

*It's the Police Officer's job responsibility to be of service to the residents within Arcola; this includes but is not limited to property checks, business checks, courtesy transportation, and welfare checks on older people, caring for people experiencing homelessness, assisting in resident personal matters (i.e., providing meals, advice, etc.), and protect and serve the City of Arcola Stepney always helped an Arcola resident, Marina Villanva ("Rina"), since the beginning of her employment with the Arcola Police Department. Stepney would provide Rina and other residents*

*with transportation to and from work during extreme weather events or on very hot or cold days, drop off meals, provide water when her water was shut off by the city.*

16. On or about May 25, 2022, Rina called Stepney to discuss an eviction notice placed on her trailer from her landlord because Stepney was off duty; at this time, she instructed Rina to contact the Police Department. When Rina phoned the Police Department, she spoke with Chief Rougeau, who, following the call, went to her house to get her information and a statement, at this point after his visit is when Chief Rougeau allegedly begin to pursue Rina.

17. On or about June 20, 2022, Rina contacted Stepney via phone and stated, "What's up with your Chief?" Stepney asked, "Why did you ask me that." Rina stated that Chief Rougeau was coming on to her. Stepney asked how long, and Rina stated, "for about two (2) months." Rina also said that after the May 25, 2022, incident, Chief Rougeau started contacting her and coming to her job unannounced.

18. Rina also stated that Chief Rougeau asked her for sexual favors multiple times through text messages and phone conversations while he was on duty. Chief Rougeau obtained a key to the gate at her residence and drove to her place to see her often, to the point where she acted as if she was not home. Rina also stated that Chief Rougeau had given her six hundred dollars ($600.00) and food occasionally. Rina said to Stepney that she informed Chief Rougeau that Stepney helped her with food and water from time to time, and this is when Rina stated that Chief Rougeau asked her on numerous occasions if Stepney had a crush on her.

19. On or about June 28, 2022, Chief Rougeau called Stepney into his office, handed her the Texas Code of Criminal Procedure, the Texas Penal Code, and asked her to read it aloud. After reading, Chief Rougeau stated that somebody in the city said she had run plates and was under investigation. Stepney requested the investigative paperwork Chief Rougeau was supposed to provide and the report from the citizen, but Chief Rougeau did not offer either. Chief Rougeau

stated that he would look into it and let her know the outcome of the alleged incident. Chief Rougeau then aggressively instructed Stepney not to say anything to anyone about the alleged incident. Stepney asked, "Why are you talking to me like this?" Chief Rougeau did not give her a response.

20. On or about June 28, 2022, Stepney received an Employee Corrective Counseling Form from her supervisor, Sgt. Wilson. Stepney was flabbergasted when she received the write-up because it included incidents that had taken place prior to Chief Rougeau's employment as well as incidents that had never taken place.

21. Shockingly, the following day, on or about June 29, 2022, Sgt. Wilson told Stepney that Chief Rougeau asked him to rewrite the Counseling Form to make it sound more aggressive towards Stepney and to add more events to the write up so it would stick. Chief Rougeau treated Stepney differently after this incident and started picking apart her work performance. Uncoincidentally around the same time, Mayor Burton began to keep his distance and started treating her disparaged like Chief Rougeau

22. On or about July 5, 2022, a fellow officer left some loose ammo in the console of the patrol truck. Stepney removed the ammo and placed it on a table within the Police Department, something all officers within Arcola would do when they find items left within the patrol trucks. Chief Rougeau berated Stepney for putting the ammo on the table and told her it was supposed to be put in "property," Stepney responded that the ammo wasn't hers.

23. On or about July 17, 2022, Chief Rougeau forced Stepney to stay an additional four (4) hours after her twelve (12) hour shift. During this time, Chief Rougeau to harass Stepney around the City of Arcola, micro managing her on the Texas Penal Code and Texas Code of Criminal Procedure.

24. On or about July 25, 2022, Chief Rougeau again brought Stepney into his office and questioned her about running names and license plates about the Texas Code of Criminal Procedure.

25. On or about July 28, 2022, Rina informed Stepney that Chief Rougeau had come to her home and attempted to delete all of their text messages.

26. The following day, July 29, 2022, a mandatory meeting was held within the Police Department; however, Stepney could not attend due to illness. Stepney called Seargent Arika Carr ("Sgt. Carr") to inform her about her attendance at the meeting, and Sgt. Carr instructed her to call the Chief. Stepney called Chief Rougeau, and he informed her that he would be moving her to the night shift and switching her with Officer Womack. Stepney asked Chief Rougeau not to do this and reminded him that she has an older mother and that she tends to her at night and would not be available to work nights.

27. On or about July 31, 2022, Stepney visited a doctor due to migraines, lack of sleep, and her inability to eat due to what she was experiencing with Chief Rougeau. The stress of it all was becoming too much to bare and was taking a toll on Stepney. That same day, Stepney delivered a written complaint to Mayor Burton and Arcola City Counsel.

28. On or about August 1, 2022, Stepney met with Mayor Burton and his administrative assistant Anetta Guajuardo ("Anetta"). During this meeting, Mayor Burton asked Stepney, "Why did you complain to the city council?" Stepney responded, "Isn't that what you're supposed to do?" Mayor Burton said, "You should have just given it to us," Stepney replied, "No because you wouldn't have given it to the City Counsel." A few moments later, a visibly upset Mayor Burton then tells Stepney, "Sgt. Carr has something for you. Did you bring your badge?" Stepney responded, "For what?" and Mayor Burton did not respond and made a call to Sgt. Carr on his office phone. A couple of minutes later, Sgt Carr and Sgt. Wilson brought Stepney her final

Corrective Counseling Form from Chief Rougeau, and she was terminated. This form, like the first one, included a list of incidents that occurred before Chief Rougeau's employment and were out of her control due to the Police Department's lack of proper equipment.

## IV. LEGAL ALLIGATIONS

### A. COUNT 1: TITLE VII-HARRASMENT

### HOSTILE WORK ENVIRONMENT

29. Stepney herby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

30. Following Chief Rougeau's aggressive behavior and the health issues his actions were causing Stepney, she was left with no choice except to write a complaint on July 31, 2022, and hand deliver it to Mayor Burton and the Arcola City Council. After they learned of the whistleblowing to the City Council, Chief Rougeau and the Mayor were so upset that Stepney had not presented the report to them directly. On or about August 1, 2022, Stepney was asked to meet with Mayor Burton and Anetta. During the meeting, Mayor Burton asked Stepney, "Why did you complain to the city council?" Stepney responded, "Isn't that what you're supposed to do?" Mayor Burton said, "You should have just given the report to us," Stepney stated, "No, because you wouldn't have given it to the City Counsel." Mayor Burton then tells Stepney, "Sgt. Carr has something for you. Did you bring your badge?" Stepney responded, "For what?" and Mayor Burton did not respond and made a call to Sgt. Carr on his office phone. A couple of minutes later, Sgt Carr and Sgt. Wilson brought Stepney her final Corrective Counseling Form from Chief Rougeau, and she was terminated. This write-up included a list of incidents before Chief Rougeau's employment. Mayor Burton was Stepney's boss and someone she considered a friend because of their relationship before Chief Rougeau's arrival. Once Chief Rougeau arrived and bonded with Mayor Burton, Chief Rougeau began to treat Stepney negatively and discriminate due to her

gender. Due to this and Mayor Burton being upset that Stepney went over his head and contacted Arcola City Counsel with her complaint, she was terminated.

### B. COUNT 2: TITLE VII – SEX/GENDER DISCRIMINATION

31. Stepney herby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

32. Chief Rougeau's treated Stepney unfavorably because of her sex and gender identity. He repeatedly berated her by inquiring about her sexual preferences and status, often asking others about whom she was dating and attracted to; he did this behind her back and in her presence. His treatment of her was visibly different than others.

### C. COUNT 3: TITLE VII RETALIATION & WHISTLEBLOWER PROTECTION ACT

33. Stepney herby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

34. At all relevant times herein, Stepney was a Police Officer for the Arcola Police Department, a municipal agency. Stepney reported the discrimination and retaliation she was experiencing against Chief Rougeau to the Mayor of Arcola, Mayor Burton, and the Arcola City Council on July 31, 2022. Stepney was terminated on August 1, 2022, due to the report she made to the Arcola City Council. Therefore, the Arcola Police Department violated the Whistleblowing Act when they terminated Stepney for her good faith reporting of discrimination and retaliation.

### V. REQUESTED RELIEF

**WHEREFORE**, Plaintiff's pray for judgment in favor of Plaintiff and against Defendants, as follows:

    a) Unpaid Paid Time Off ("PTO")

    b) Back Pay, including wages and salary, overtime, and benefits;

c) Back Pay and Front Pay;

d) Punitive Damages;

e) Mental anguish and emotional distress;

f) Medical expenses past and future;

g) Pre-Judgment and Post Judgment Interests;

h) Reasonable attorney's fees;

i) Court costs; and

j) All other relief this court deems appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

**DANIEL WILLIAMS & ASSOCIATES PLLC**

*/s/ Helen Daniel*
Helen Daniel, Attorney-in-Charge
Federal Bar No. 1026095
h.daniel@danielwilliamslaw.com
Kathryn Williams
Federal Bar No. 1384795
k.williams@danielwilliamslaw.com
2201 Hermann Drive
Houston, Texas 77004
T: 713.229.9997
F: 281.501.6777
ATTORNEYS FOR LISA F. STEPNEY